# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GAIL A. GORDON CARTER,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

Case No. CV 06-7647 JTL

ORDER AWARDING ATTORNEY FEES PURSUANT TO 42 U.S.C. SECTION 406(b)

**BACKGROUND**

On December 7, 2006, Gail A. Gordon Carter ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of plaintiff's application for Disability Insurance Benefits. On December 11, 2006, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On January 12, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant") filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on June 6, 2007, defendant filed an Answer to the Complaint.

On June 18, 2007, defendant filed a Stipulation to Remand the Case pursuant to sentence six of 42 U.S.C. Section 405(g). On June 20, 2007, the Court entered an Order consistent with the Stipulation for Remand and ordered the case Remanded for further proceedings.

Thereafter, an Administrative Law Judge ("ALJ") held supplemental proceedings and issued a favorable decision on April 23, 2008. (Memorandum at 2). On July 17, 2008, the Commissioner sent plaintiff a Notice of Award indicating an award of retroactive benefits in the sum of $47,257.00. (Memorandum at 3; Exh. A). On August 1, 2008, the Court reopened the matter and entered Judgment in plaintiff's favor.

On August 25, 2008, the Court entered an order grating plaintiff's counsel the sum of $2,276.00 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA").

On September 15, 2008, plaintiff filed a Motion for Authorization of Attorney's Fees pursuant to 42 U.S.C. Section 406(b) ("Motion") and a Memorandum in support thereof ("Memorandum"). On October 6, 2008, defendant filed a Response to Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Response").

**DISCUSSION**

Congress authorized payment of a reasonable fee for representation of a successful social security claimant in court. 42 U.S.C. § 406(b). A "reasonable fee" cannot be in excess of 25 percent of the past-due benefits to which the claimant is entitled by his or her judgment. 42 U.S.C. § 406(b)(1)(A). This fee provision is not intended to displace contingent fee agreements as a means to set fees for representation of social security benefit claimants. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Nor does it imply that all contingent fee agreements that provide for fees up to 25 percent of the past-due benefits awarded are reasonable per se. Id. Instead, in order to recover fees under Section 406(b), an attorney for a successful claimant must show that the fee sought is within the 25 percent boundary and that the fee sought is reasonable for the services rendered in the course of his or her representation before the district court. Id. at 807-08; Crawford v. Astrue, 545 F.3d 854, 858-59 (9th Cir. 2008).

Accordingly, even when a contingent fee falls within the 25 percent boundary, the court may reduce the fee if the court finds it unreasonable. Gisbrecht, 535 U.S. at 807. "The methodology by which a district [court] makes such reasonableness determinations is for that

court to select in the exercise of its sound discretion." Crawford, 545 F.3d at 862. In order to determine whether a fee is reasonable, courts have considered the attorney's recovery based on the character of the representation and the results the representation achieved. Gisbrecht, 535 U.S. at 808. For example, if the attorney is responsible for delay, "a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. Similarly, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to avoid a windfall for the attorney. Id.; see also Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) ("Counsel spent very little time on the case in comparison to the amount of benefits now owing, and the issues briefed in the summary judgment motion were neither novel nor complex."). If the contingent fee is found to be unreasonable, the court must adjust the attorney's recovery accordingly. Gisbrecht, 535 U.S. at 808.

Here, plaintiff is a successful social security claimant (See Memorandum, Exh. A, Notice of Award) and plaintiff's attorney may be awarded a reasonable fee under Section 406(b). See 42 U.S.C. § 406(b)(1)(A) ("Whenever a court renders a judgment favorable to a claimant under [Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ").

On July 13, 2007, plaintiff entered into a contingent fee agreement with her attorney. (See Memorandum at 3, Exh. C). Under the terms of the contingent fee agreement, plaintiff agreed that, if the federal court litigation resulted in past-due benefits payable to her, her counsel would receive a fee equal to 25 percent of the total past-due benefits awarded. (See Memorandum, Exh. C ¶ 2). Thus, the contingent fee agreement provides for a fee that falls within the acceptable range provided by Section 406(b). In addition, there is no basis to find, and none is alleged, that the contingent fee agreement itself is invalid based on fraud or other grounds.

///

Upon finding a valid contingent fee agreement between a successful social security claimant and her attorney, the Court must determine whether the contingent fee is reasonable for the services rendered. Gisbrecht, 535 U.S. at 807. Here, plaintiff's counsel proposes to collect a fee of $4,814.00 based on 14.3 hours of attorney time for representation before the district court.[1] (Memorandum at 3; Exh. B). Defendant notes that such a fee results in an effectively hourly rate of $336.64. (Response at 7).

To assess the reasonableness of counsel's fee pursuant to the terms of the contingent fee agreement, the Court has reviewed the record summarizing the time plaintiff's counsel spent working on the case before the district court. See Gisbrecht, 535 U.S. at 808-09. (See Memorandum, Exh. B). The Court notes that the district court did not address the merits of plaintiff's Complaint and, instead, plaintiff's counsel was able to obtain a favorable judgment pursuant to the stipulation to remand the matter filed by defendant on June 18, 2007, and that on June 20, 2007, the Court entered into an Order remanding the case and provided plaintiff with the opportunity to secure a favorable outcome through further administrative proceedings. However, after considering the reasonableness of the fee request in light of the time plaintiff's counsel spent working on the case before the district court and the risks associated with representation of numerous social security claimants on a contingent fee basis, the Court finds that $4,814.00 for 14.3 hours of attorney time for representation before the district court is reasonable.

///

///

///

///

///

---

[1] Plaintiff's counsel has a request for $7,000.00 in attorney fees pursuant to Section 406(a) pending before the ALJ. (Memorandum at 3-4). The Court notes that if plaintiff's counsel is awarded $7,000.00 in fees pursuant to Section 406(a), as well as the requested fee of $4,814.00 pursuant to Section 406(b), plaintiff's counsel would receive $11,814.00 in attorney fees, which is just under 25 percent of the $47.257.00 in past-due benefits awarded to plaintiff.

## CONCLUSION

Based upon the foregoing, plaintiff's motion for attorney fees is **GRANTED**. Attorney fees under Section 406(b) are awarded in the gross amount of $4,814.00, to be paid out of the sums withheld by the Commissioner from the benefits awarded to plaintiff. Upon payment by the Commissioner of such amount to plaintiff's counsel, plaintiff's counsel shall reimburse plaintiff in the amount of $2,276.00 to offset the fee award that the Commissioner has already paid to counsel under the EAJA.

DATED: January 15, 2009

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE